FILED
8:29 pm Sep 11 2020
Clerk U.S. District Court
Northern District of Ohio
Toledo

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

KAM Development, LLC,

        Plaintiff

v.

Marco's Franchising, LLC,

        Defendant

Case No. 3:20-cv-2024

TEMPORARY RESTRAINING ORDER

## I. INTRODUCTION AND BACKGROUND

Plaintiff KAM Development, LLC filed a motion for a temporary restraining order and a preliminary injunction, seeking to enjoin Defendant, Marco's Franchising, LLC from failing to renew a contractual agreement in accordance with terms KAM alleges provides for automatic renewal provided certain conditions are met. (Doc. No. 5). Defendant filed a motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction. (Doc. No. 7). On September 11, 2020, I conducted a hearing on these matters and, for the reasons discussed below, I grant Plaintiff's motion for a temporary restraining order, and hold in abeyance Plaintiff's motion for a preliminary injunction and Defendant's motion to dismiss for lack of subject matter jurisdiction.

On September 10, 2010, KAM and Marco's entered into an Area Representative Agreement, (the ARA) under which KAM was responsible for soliciting potential franchisees for Marco's and for servicing Marco's existing franchisees within a defined geographic area. Among other things, the

agreement provided for KAM to receive a commission for each initial fee paid to Marco's as a result of KAM's efforts, as well royalties paid to Marco's by those franchisees. The agreement was set to expire on September 10, 2020, but it provided an avenue to renewal. (Doc. No. 5-1 at 372). Under the renewal provisions, the parties were entitled to renew the agreement for up to four additional terms of five years each. (*Id.*). The renewal would be "automatic subject only to [certain] conditions" contained in the contract. (*Id.*).

On May 14, 2020, KAM provide written notice to Marco's of its intention to renew the agreement according to its terms. Marco's responded with a Notice of Deficiency on July 24, 2020, and eventually a Notice of Default on August 13, 2020. (Doc. No. 1 at 8; Doc. No. 5-1 at 349). KAM responded, denying Marco's allegations of default and insisting on renewal of the ARA by its terms.

On September 2, 2020, counsel for KAM sent Marco's a letter which, among other things, denied the allegations of default and demanded that Marco's comply with the ARA's provisions governing renewal. The letter also informed Marco's that should it fail to acquiesce to the demands in the letter, KAM would be invoking the mediation provision in the ARA. After KAM received no response from Marco's, it filed the present suit on September 9, 2020, seeking to enjoin Marco's from failing to renew the ARA.

## II.    DISCUSSION

### A.  Subject Matter Jurisdiction

In its motion challenging this Court's subject matter jurisdiction, Marco's correctly argued that KAM has failed to adequately plead facts supporting the existence of complete diversity between the parties. This matter was addressed during the September 11, 2020 hearing, and, based upon representations of counsel for KAM that its two members are domiciled in South Carolina, the Court is satisfied that the existence of diversity jurisdiction is not defeated by the pleadings. While

more information is needed about the members of Marco's, the Court will exercise its jurisdiction over the parties to determine whether jurisdiction ultimately exists. *See Lacey v. Gonzales*, 499 F.3d 514, 518 (6th Cir. 2007). As a corollary to this exercise of jurisdiction, the Court will exercise jurisdiction over the motion for a temporary restraining order to ensure that, if appropriate, the status quo is maintained while the jurisdictional questions are determined.

### B. Temporary Restraining Order

Rule 65 of the Federal Rules of Civil Procedure provides that a court may issue a temporary restraining order ("TRO") if the movant can "clearly show that immediate and irreparable injury, loss, or damage will result" in the absence of such relief. Fed. R. Civ. P. 65(b)(1)(A). "[T]he purpose of a TRO under Rule 65 is to preserve the status quo so that a reasoned resolution of the dispute may be had." *Proctor & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 226 (6th Cir. 1996). In determining whether the movant has satisfied his burden, the court will consider the following factors:

> (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*Summit Cnty. Democratic Cent. & Exclusive Comm. v. Blackwell*, 388 F.3d 547, 550-51 (6th Cir. 2004) (quoting *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)). "As long as there is some likelihood of success on the merits, these factors are to be balanced, rather than tallied." *Hall v. Edgewood Partners Ins. Ctr., Inc.*, 878 F.3d 524, 527 (6th Cir. 2017) (further citation omitted).[1]

---

[1] Although *Hall* dealt with a motion for a preliminary injunction, I find it instructive here given that analyzing a motion for a preliminary injunction entails relying on the same four factors that are used to evaluate a request for a temporary restraining order. *See Summit*, 388 F.3d at 550.

3

1. *Likelihood of Success on the Merits*

KAM has presented sufficient evidence for me to conclude that it has a substantial likelihood of success on the merits. KAM's motion, supported by declarations from KAM's two members, a copy of the ARA itself, and documentation of KAM's efforts to cure any shortcomings Marco's identified in the months following KAM's request for renewal, provides more than enough to conclude that KAM has a substantial likelihood of demonstrating it was Marco's, not KAM, who breached its obligations under the ARA. While I am mindful that a more complete picture may emerge later in this litigation, I find the evidence submitted thus far sufficient to justify preserving the status quo through a temporary restraining order.

2. *Irreparable Injury to Movant*

An injury is irreparable if it is not fully compensable by monetary damages. *Southern Glazer's Distrib.'s of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 852 (6th Cir. 2017). One example of irreparable injury is loss of customer goodwill. *Id.*

KAM alleges that it would suffer such a loss if denied a temporary restraining order. KAM has serviced over twenty-six Marco's franchisees for nearly a decade under the terms of the ARA. In doing so, KAM invested resources and generated goodwill that would be lost if KAM was suddenly unable to continue servicing those franchisees. This loss would be difficult—if not impossible—to compensate fully and accurately through money damages alone.

3. *Substantial Harm to Others*

During the hearing I conducted on the matter, counsel for Marco's argued that a temporary restraining order would cause undue harm to Marco's by forcing it to remain party to a contract it believes has expired. But I fail to see how this harm would be substantial considering the limited duration of this temporary restraining order. At most, Marco's will be subject to the ARA for another twenty-eight days. Without more specific examples of the harm Marco's will suffer, I

cannot conclude that temporarily enjoining Marco's from allowing the ARA to terminate would cause it substantial harm.

4. *Public Interest*

KAM argues the public interest in preserving the legitimacy of contracts weighs in favor of injunctive relief here. But whether KAM is in fact entitled to the renewal it seeks is a determination of the merits more appropriate for a later date. While I have found KAM has a substantial chance of success based on the evidence and arguments before me thus far, it would be premature to conclude that the public interest is better served by enjoining Marco's from allowing the ARA to terminate. Still, because there is nothing to suggest that the public interest points in the other direction, I conclude that the public interest does not weigh heavily in either party's favor at this time.

5. *Conclusion*

Weighing the above factors together, I conclude KAM is entitled to an order temporarily restraining Marco's from taking any action inconsistent with the servicing arrangement that existed under the ARA it entered into with KAM in 2010. More specifically, Marco's shall not perform for its franchisees in the Columbia area any of the services that KAM performed pursuant to the ARA, nor shall Marco's take any steps to prepare for servicing those franchisees or otherwise assuming the duties that KAM performed for Marco's under the contract. Marco's shall not interfere in any way with KAM's duties under the ARA, including, but not limited to, denying KAM access to any computer systems or software. Marco's shall not make any disparaging statements, either orally or in writing, regarding KAM to any third-party, including, but not limited to, the franchisees currently services by KAM under the ARA. In other words, while nothing in this order mandates that Marco's renew the ARA with KAM for another five-year term, Marco's shall continue to operate as if the original term of the ARA is still in effect, without regard to any impending expiration.

This order shall remain in effect for fourteen days (14) following its issuance.

### III.    CONCLUSION

Plaintiff's motion for a temporary restraining order is granted.  Plaintiff will amend their complaint to include the allegations necessary to determine Plaintiff's citizenship for diversity purposes by September 14, 2020.  Defendants may respond by amending their motion to dismiss, and I will address promptly the jurisdictional question after the parties put forth the information necessary to make a final determination regarding the existence of diversity jurisdiction.  A hearing on Plaintiff's request for preliminary injunction will be scheduled prior to expiration of the injunctive relief granted in this order

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
