UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

KAM Development, LLC,                                    Case No. 3:20-cv-2024

              Plaintiff

       v.                                               MEMORANDUM OPINION
                                                        AND ORDER

Marco's Franchising, LLC,

              Defendant.

## I.      INTRODUCTION

Plaintiff KAM Development, LLC sued Defendant Marco's Franchising, LLC alleging

breach of contract claims in relation to terminating two separate Area Representative Agreements

("ARAs").  (Doc. No. 50).  Under these ARAs, KAM was responsible for soliciting potential

franchisees for Marco's and servicing existing Marco's franchisees within a defined geographic area.

This matter is currently before the court to resolve a discovery dispute between the parties under

Local Rule 37.1.  (*See* Doc. No. 70).

## II.      BACKGROUND

The Complaint was filed on September 9, 2020, and was followed closely afterwards by a

motion for preliminary injunction with temporary restraints to prevent Marco's from terminating the

ARA governing the Columbia, SC area ("Columbia ARA").  (*See* Doc. Nos. 1 & 5).  I granted the

temporary restraining order, but also required KAM to file an Amended Complaint to satisfy certain

jurisdictional allegations.  (Doc. No. 10).  Following submission of the Amended Complaint, KAM

moved for another preliminary injunction with temporary restraints related to the ARA governing

the Charlotte, NC area ("Charlotte ARA").  (Doc. No. 18).  In early October, I held a three-day

evidentiary hearing regarding the motions for injunctive relief and ultimately, denied KAM's request for a preliminary injunction. (Doc. No. 39).

I held a case management conference with the parties on November 16, 2020, and established a discovery deadline of October 15, 2021. (Doc. No. 44). Following a telephone conference on January 7, 2021, the parties agreed to attempt to mediate the case and I directed the parties to "suspend discovery efforts" and ordered that "the existing discovery deadlines will be tolled accordingly." (Doc. No. 45). The February 10, 2021 mediation was unsuccessful and on March 2, 2021, the parties were ordered to "confer regarding a schedule for discovery" and were to submit a proposed schedule by March 15, 2021. (Doc. No. 49). Neither party complied.

I next spoke to the parties on June 16, 2021, at a status conference where KAM's counsel requested an extension of the discovery deadline. Defense counsel argued the request was premature as the deadline was still approximately four months away. I scheduled another status conference for September 30, 2021, to further evaluate the parties' discovery progress prior to the deadline of October 15th.

Yet, on September 24, 2021, Marco's filed a motion for summary judgment. (Doc. No. 68). Marco's motion for summary judgment is premised upon a finding made in my ruling on injunctive relief. That is, "if KAM was in default on the Charlotte ARA, it would not be entitled to renewal of the Columbia ARA[ ]"; (Doc. No. 39 at 5), thus, undermining both of KAM's claims for breach of contract. Marco's motion focuses solely on whether KAM complied with the Charlotte ARA at relevant time periods. (*See* Doc. No. 68).

At the September 30th status conference, KAM's counsel reiterated his need for a discovery extension, particularly, so that he could properly respond to Marco's' motion for summary judgment. I requested the parties confer regarding the discovery necessary to respond to Marco's' motion and scheduled another status conference for October 8, 2021. At the conference, the parties

2

were unable to agree upon either a discovery extension or a set of limited discovery requests necessary to respond to the summary judgment motion.  I then ordered the parties to submit position statements regarding the scope, relevance, and requested duration of proposed further discovery.  (Doc. No. 70).

KAM submitted a position statement regarding the discovery necessary to respond to the summary judgment motion.  (Ex. A).  The letter outlined 23 areas of discovery for which KAM would like to serve written interrogatories and requests for production; as well as, identifying five plus individuals to be deposed.  KAM argued these topics were relevant to the motion response because they concern: "1) Marco's policy and practices regarding development schedules for area representatives; 2) Marco's course of dealings with KAM and other area representatives involving provisional credits; 3) Marco's direct interference with KAM meeting its development schedule; and 4) Whether Marco's stated reasons for termination were a pretext for revenge against the Hunters becoming involved with Jeremiah's and/or Marco's desires to eliminate area representatives to recapture revenue streams."  (*Id.* at 3).

Marco's responded by contesting KAM's position that these topics were material to the motion and argued KAM had not made a sufficient showing to satisfy the need for further discovery under Federal Rule of Civil Procedure 56(d).  (Ex. B).  According to Marco's, the motion for summary judgment was based upon the narrow issue of whether KAM had met its development obligations under the Charlotte ARA; and "[n]othing in [KAM's letter] explains genuinely how any discovery will change the number of stores in the Charlotte Territory on the pertinent dates, or change the facts that the store counts were well short of KAM's obligations under the Charlotte ARA."  (*Id.* at 2-3).  Further from Marco's' position, KAM needed to identify what specific discovery it hoped to obtain and explain how that discovery might affect my ruling on summary judgment; but argued it did neither.  (*Id.* at 3-7).

### III.  STANDARD

Rule 56(d) establishes the procedure to be followed when a party concludes that additional discovery is necessary to respond to a motion for summary judgment.  Fed. R. Civ. P. 56(d).  The party seeking additional discovery must "indicate to the district court [the party's] need for discovery, what material facts [the party] hopes to uncover, and why [the party] has not previously discovered the information."  *PPS Serv. Grp., LLC v. Eckert*, No. 1:18-cv-727, 2019 WL 3938157, at *1 (S.D. Ohio Aug. 20, 2019) (quoting *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000)).[1]

The Sixth Circuit has provided guidance as to the factors a court should evaluate in considering whether to permit the requested discovery.  These factors include (1) when the party seeking discovery learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would change the ruling; (3) how long the discovery period has lasted; (4) whether the party seeking discovery was dilatory in its discovery efforts; and (5) whether the party moving for summary judgment was responsive to discovery requests.  *Id.*, at *2 (citing *CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008)).[2]

Whether to grant a request for additional discovery falls within the trial court's discretion. *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 426 (6th Cir. 2009).  But it is not an abuse of discretion to deny a Rule 56(d) request for additional discovery when the party "makes only general and conclusory statements [ ] regarding the need for more discovery and does not show how an extension of time would have allowed information related to the truth or falsity of the [claim] to be

---

[1] Since this discovery dispute was informally initiated under Local Rule 37.1, I substituted the requirement to file an affidavit regarding necessary discovery with KAM's position statement.
[2] At the discovery conference on October 8, 2021, I directed the parties to focus their arguments on the second factor – materiality of the desired discovery, rather than any arguments regarding lack of diligence or timeliness, as all parties involved had been aware of KAM's desire for extension of the discovery period for at least four months prior to the instant dispute.

discovered." *Ball v. Union Carbide Corp.*, 385 F.3d 713, 720 (6th Cir. 2004) (quoting *Ironside v. Simi Valley Hosp.*, 188 F.3d 350, 354 (6th Cir. 1999)).

## IV.  ANALYSIS

In reviewing KAM's requests for additional discovery to respond to the motion for summary judgment, I must keep two considerations in mind: first, KAM has only alleged breach of contract claims under Ohio law[3]; and second, Marco's' motion only addresses KAM's compliance with the Charlotte ARA.

Requests # 2, 6, 17, 21, 22

These requests are aimed at discovering evidence in support of KAM's theory that Marco's treated KAM less favorably than other Area Representatives ("ARs") when it chose to terminate the ARAs.  (*See* Ex. A at 3).  Yet, this "disparate treatment" theory is irrelevant to establishing a genuine issue of material fact regarding whether KAM complied with the explicit terms of the Charlotte ARA on specific dates.

A contract is only binding upon the parties to that contract.  *Am. Rock Mechanics, Inc. v. Thermex Energy Corp.* (1992), 80 Ohio App.3d 53, 58, 608 N.E.2d 830.  And, by definition, course of dealing or course of performance only holds significance between the parties to the contract.  Ohio Rev. Code § 1301.303; U.C.C. § 1-303:92, 1B Anderson [Rev] (3d. ed.); *see also Stalloy Metals, Inc. v. Kennametal, Inc.*, 2012-Ohio-5597, 983 N.E.2d 823, 835 (Ohio Ct. App. Dec. 3, 3012) (declining to find a course of performance between the parties regarding contract terms based on defendant's actions with independent third parties).  Furthermore, there is no claim for bad faith breach of contract in Ohio.  *See Northeast Ohio College of Massotherapy v. Burek,* 144 Ohio App.3d 196, 759 N.E.2d 869, 875 (Ohio Ct. App. June 12 2001) (citing *Lakota Local School Dist. v. Brickner,* 108 Ohio

---

[3] Both ARAs contain choice of law provisions selecting Ohio law at § 22.1.  (*See* Doc. No. 68-1 at pp. 49 & 102).

App.3d 637, 671 N.E.2d 578, 584 (Ohio Ct. App. Jan. 19, 1996)).  So, Marco's' dealings with these other ARs, different or not, does not have any bearing on KAM's compliance with the contractual terms.  *See CosmetiCredit, L.L.C. v. World Fin. Network Natl. Bank*, 2014-Ohio-5301, ¶41, 24 N.E.3d 762, 774 (Ohio Ct. App. Nov. 14, 2014) (offering more favorable terms to a competitor or varying the terms of an agreement with similarly situated business partners is not evidence of bad faith).

Therefore, KAM has not shown how these requests would lead to material evidence of its contract compliance necessary to defend against summary judgment and the same are denied.

Requests #18, 19, 20, 21, 22, 23

Similar to the above, these requests relate to the theory that Marco's' had ulterior motives when it opted to terminate KAM's ARAs.  (*See* Ex. A at 3).

But in Ohio, there is no cognizable claim for bad faith breach of contract.  *See Northeast Ohio College of Massotherapy,* 144 Ohio App.3d 196.  Exercising the benefit of a bargained-for term does not constitute bad faith and "a contracting party is entitled to enforce the terms of the contract as written, and bad faith could not attach to such enforcement of explicit contractual rights." *CosmetiCredit*, 2014-Ohio-5301, at ¶ 36.

Consequently, Marco's' motive for enforcing the contract terms is not material to establishing KAM's compliance with its own contractual obligations in the Charlotte ARA, which is the only issue raised on summary judgment.  *See Ed Schory & Sons, Inc. v. Soc. Natl. Bank*, 75 Ohio St.3d 433, 443-44, 662 N.E.2d 1074 (Ohio 1996) ("Firms that have negotiated contracts are entitled to enforce them to the letter, even to the great discomfort of their trading partners, without being mulcted for lack of good faith.").  At this time, I deny KAM's request for discovery on these topics.

Requests #7, 9, 10, 19, 20

KAM has raised two counts of breach, each related to a separate ARA.  But Marco's' motion only raises non-compliance with the Charlotte ARA as basis for summary judgment.  These

requests, while potentially relevant to KAM's other breach of contract claim, have not been shown to be material to KAM's response to the pending issue on summary judgment and thus, are denied at this time.

Requests #1, 3, 4, 5, 8, 11, 12, 13, 14, 15, & 16

I will permit discovery on the remaining requests as they may lead to material facts; however, I am imposing both time and scope limitations to better tailor these requests to what is necessary to combat Marco's' motion for summary judgment.

All requests will be limited to the time period for 2018-present.  KAM and Marco's have contractual relations going back to 2010 and requiring Marco's to produce all documents and communications that relate to this relationship would be unduly burdensome and unlikely to produce relevant evidence.  Based upon the allegations in the pleadings, it appears the parties' relationship began to devolve in mid-2018 and as such, delineates an appropriate discovery period for the matter at issue.

Further, any requests which seek information about both the Columbia and Charlotte ARAs will be restricted to only information surrounding the Charlotte ARA, as that is the only topic raised on summary judgment.  This directive applies specifically to requests 4, 5, 8, and 13.

As to request #13, KAM requested documents related to whether development schedules are subject to quarterly or annual requirements; while I will permit discovery on this topic, it is restricted to documents related to Marco's' position on development schedules for KAM only, not Marco's' position on development schedules for unrelated ARs.

Depositions

In KAM's position statement it identified the need for depositions of four named individuals as well as, the deposition of a Marco's 30(b)(6) corporate deponent.  But KAM did not describe who the named individuals were, to what topics they would testify, nor how that testimony would be

material to defending against the narrow issue on summary judgment. As such, I deny KAM's request to depose the named individuals at this time.

KAM will be permitted to take the deposition of Marco's' corporate representative(s), subject to its compliance with the process outlined in Federal Rule of Civil Procedure 30(b)(6).

## V.   CONCLUSION

Considering the status of this litigation and the pending motion, I will order an extension of the discovery period for 90 days from the date of this order. Further, KAM is ordered to serve its written requests for discovery, as outlined above, within seven days of the date of this order and Marco's shall have 30 days from receipt to respond to the requests. While I am permitting written discovery to issue, KAM is cautioned that any requests which exceed the scope or temporal limitations laid out above, may be subject to being stricken by the Court. Any necessary depositions must also be scheduled within this extended discovery period.

Following close of the discovery period, KAM shall have 30 days to file its opposition to the motion for summary judgment and Marco's shall have 14 days to file a reply.

In the event, KAM is successful at overcoming summary judgment, I *may* consider a further period of discovery to allow for discovery deemed not material to the instant motion response but that would otherwise be a proper topic for discovery.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge