UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

KAM Development, LLC,                      Case No. 3:20-cv-2024

        Plaintiff,

v.                                                             ORDER

Marco's Franchising, LLC,

        Defendants.

At the outset of this case, Defendant Marco's Franchising, LLC filed a motion to dismiss the Complaint for lack of subject matter jurisdiction, alleging Plaintiff KAM Development, LLC had failed to state sufficient allegations to establish diversity of citizenship. (Doc. No. 7). In the motion, Marco's correctly stated, "A party seeking to invoke a federal court's diversity jurisdiction under 28 U.S.C. § 1332 has the burden to plead the citizenship of each party in order to show complete diversity of citizenship; and when, as in this case, any party is a limited liability company (LLC), the plaintiff must identify and plead the citizenship of each member of the LLC." (*Id.* at 2). Based on this, Marco's argued the case should be dismissed because KAM had not "inform[ed] the Court of what it 'needs to know'—the citizenship of each member of the two LLC parties." (*Id.* at 6).

KAM subsequently filed a First Amended Complaint stating, in part:

13. Plaintiff KAM is a limited liability corporation formed, organized and existing under the laws of the state of Florida and having a principal place of business at 10440 Park Road, Suite 300, Charlotte, North Carolina 28210.

14. KAM has two members: Michael Hunter and Andrew Hunter.

15. Both Michael Hunter and Andrew Hunter are domiciled in South Carolina.

> 16. Defendant Marco's is a limited liability company formed, organized and existing under the laws of the State of Ohio and having a principal place of business at 5252 Monroe Street, Toledo, Ohio 43623.
>
> 17. Defendant has one member: Marco's Pizza Holdings, LLC ("MPH"), a Delaware limited liability company with a principal place of business in the state of Florida.
>
> 18. The members of MPH are unknown to KAM.
> …
>
> 19. This Court has jurisdiction over this action under diversity of citizenship jurisdiction, 28 U.S.C. § 1332, as Plaintiff KAM's members are both domiciled in South Carolina and Defendant's sole member is a Delaware limited liability company and whose principal place of business is in the State of Florida.
>
> 20. Upon information and belief, there is complete diversity between KAM's members and Defendant's members.

(Doc. No. 13 at 3-4).

After this First Amended Complaint was filed, I conducted an evidentiary hearing on October 2, 2020.  During this hearing, counsel for Marco's advised Marco's was "withdraw[ing] any objection to jurisdiction."  (Doc. No. 57 at 22).  Counsel explained,

> The facts are these: It was our understanding up until fairly recently, actually after we first met, that a person in the chain of the ownership of Marco's was a South Carolina domiciliary, and they were. …  However, after we met, … we learned that that person who used to be in South Carolina had recently moved out of South Carolina, and therefore, you know – at the time, my question was "Is the ownership the same?"  And the answer was "Yes," and that would have created a South Carolina citizenship, but we have confirmed later that person moved.

(*Id.* at 22-23).  In conclusion, he stated, "the defendant is not, to our understanding, a citizen of South Carolina, and it is our understanding that both of the -- or that the plaintiff is a citizen only of South Carolina."  (*Id.*).

After some discussion, I granted the request by Marco's to withdraw the motion to dismiss and considered the issue resolved.  (*Id.* at 26).  But after reviewing this case again, I find it necessary

to reopen the matter of subject matter jurisdiction and seek further clarification on the members of Marco's.[1]

The pleadings state Marco's has one member: Marco's Pizza Holdings, LLC. (Doc. No. 50 at 4; Doc. No. 53 at 2). But neither the pleadings nor counsel for Marco's has have identified each member of Marco's Pizza Holdings, LLC and informed the court of the citizenship of each of those members. Instead, both have only represented that no member of Marco's Pizza Holdings, LLC is a citizen of South Carolina. (Doc. No. 50 at 4; Doc. No. 53 at 2; Doc. No. 57 at 23-24).

As Marco's acknowledged in its motion to dismiss, "[w]hen diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (quoted by Doc. No. 7 at 5). This "must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

While it is KAM's burden to establish jurisdiction was properly invoked, the necessary information is possessed by or more easily available to Marco's. Therefore, to ensure this court has diversity jurisdiction over this matter, I now order Marco's to file an affidavit of jurisdiction. In the affidavit, Marco's shall list each member and sub-member of its single member, Marco's Pizza Holdings, LLC, at the time this action was filed on September 9, 2020. *See Dole Food Co. v. Patrickson*,

---

[1] Confusingly, in drafting the Second Amended Complaint, KAM omitted the First Amended Complaint's statements detailing KAM's members and their respective citizenships, instead stating generally, "Plaintiff KAM is a South Carolina limited liability company whose members are domiciled in South Carolina." (Doc. No. 50 at 3). While it would have been preferrable to have the requisite information in the now-operative Second Amended Complaint, I do not find a third amendment necessary.

538 U.S. 468, 478 (2003) ("It is well settled, for example, that federal-diversity jurisdiction depends on the citizenship of the parties at the time suit is filed."). For each member and sub-member, Marco's shall state jurisdictional allegations sufficient for me to determine the citizenship of that member at the time this action was filed (e.g., the domicile of individuals on September 9, 2020).

Marco's shall file this affidavit on or before July 14, 2023. In the interim, briefing on the pending motion for reconsideration is stayed. (Doc. No. 78). After I have reviewed the affidavit and determined whether complete diversity exists, I will issue an Order setting new opposition and reply brief deadlines.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge