UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

KAM Development, LLC,                                              Case No. 3:20-cv-2024

        Plaintiff,

v.                                                                                        ORDER

Marco's Franchising, LLC,

        Defendant.

On May 4, 2023, I issued a Memorandum Opinion and Order granting in part and denying in part Defendant Marco's Franchising, LLC's ("MFLLC") motion for summary judgment. (Doc. No. 76). On May 18, 2023, MFLLC filed a motion for reconsideration to correct two erroneous statements of fact in the opinion. (Doc. No. 78). Plaintiff KAM Development, LLC ("KAM"), filed a brief in opposition to the motion and also requested it be awarded attorney fees incurred in responding to the motion. (Doc. No. 82). MFLLC then filed a brief in reply. (Doc. No. 83). For the reasons stated below, I grant the motion for reconsideration.

MFLLC seeks reconsideration to correct two statements of fact found on page 4 of my May 4, 2023 Memorandum Opinion and Order. (Doc. No. 78 at 1-2). The relevant statements are as follows:

> KAM was considered to have "opened" stores in three circumstances: (a) the store is open and the initial franchise fee is fully earned by MFLLC; (b) the store is not yet open, but the entire franchise fee has been paid; and (c) MFLLC has signed an Area Development Agreement ("ADA") in the territory and MFLLC has received a non-refundable development fee of at least $5,000 per store to be developed. (*Id.* at 17, § 5.3.2). Stores considered "open" pursuant to subsections (b) and (c) are referred to as "provisional credits". (Doc. No. 68-2 at 963).

(Doc. No. 76 at 4) (emphasis added).

MFLLC requests that I correct my colloquial use of the term "open" in this paragraph to avoid confusion. I utilized the term "open" – as designated by the quotation marks – as a catch-all term to describe those stores which would be counted towards KAM's overall development obligations under the Charlotte ARA. MFLLC contends I should correct this portion of the Memorandum Opinion and Order because it misstates the language of the parties' agreement and creates an error which "could be material to issues remaining under other parts" of that Memorandum Opinion and Order. (Doc. No. 78 at 1).

Rule 54(b) provides that any order or decision, other than a "final judgment" entered as described in the text of the Rule, "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "The major grounds justifying reconsideration of interlocutory orders are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998) (citing *Petition of U.S. Steel Corp.*, 479 F.2d 489, 494 (6th Cir. 1973)) (further citation omitted). *See also Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991) ("District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment.") (citing *Marconi Wireless Tel. Co. v. United States*, 320 U.S. 1, 47-48 (1943)).

KAM argues MFLLC has not met its burden for reconsideration because the motion is based upon alleged factual errors and does not identify an error of law or a manifest injustice which would result if the alleged factual errors are not corrected. (Doc. No. 82).

I conclude MFLLC has established there is a clear error in the May 4 Memorandum Opinion and Order and that it is proper to correct that error. The United States Court of Appeals for the

Sixth Circuit has stated that "[w]hether the facts of a particular case fall within a contractual definition is a mixed question of law and fact." *New London Tobacco Mkt., Inc. v. Ky. Fuel Corp.*, 44 F.4th 393, 407 (6th Cir. 2022) (citing *U.S. Bank Nat'l Ass'n ex rel. CWCapital Asset Mgmt., LLC v. Vill. at Lakeridge, LLC*, 583 U.S. 387, 395 (2018)). While, as MFLLC concedes, the correction of my usage of the term "open" will not have any impact on my summary judgment ruling, there remains a possibility it may impact the remaining trial court proceedings or the outcome of the case on appeal, if ultimately an appeal is filed. Thus, I conclude the better course is to remedy the misstatement of the contractual language by replacing the erroneous language with the language used in the parties' agreement.

> The corrected order and opinion will read as follows with the changes denoted by italics:
>
> *A store would count toward KAM's obligations under the ARA Schedule* in three circumstances: (a) the store is open and the initial franchise fee is fully earned by MFLLC; (b) the store is not yet open, but the entire franchise fee has been paid; and (c) MFLLC has signed an Area Development Agreement ("ADA") in the territory and MFLLC has received a non-refundable development fee of at least $5,000 per store to be developed. (*Id.* at 17, § 5.3.2). Stores *counted toward KAM's ARA Schedule* pursuant to subsections (b) and (c) are referred to as "provisional credits". (Doc. No. 68-2 at 963).

"ARA Schedule" is defined in the May 4, 2023 Memorandum Opinion and Order as a shorthand for the Charlotte ARA's development schedule. (*See* Doc. No. 76 at 4). This term will be utilized instead of MFLLC's requested language for purposes of internal consistency.

I continued to use the term "open" as shorthand at various points throughout the remainder of the Memorandum Opinion and Order. (*See* Doc. No. 76 at 4, 6, 8, 17 & 21). MFLCC did not take issue with this continued usage in its motion for reconsideration. But, to avoid any confusion, I also will insert a footnote into the revised opinion to clarify that "open," as designated by quotation marks, is used within the opinion as a shorthand term for "a store that counts toward KAM's obligations under the ARA Schedule."

Accordingly, I grant MFLLC's motion for reconsideration, (Doc. No. 78), and the May 4, 2023 Memorandum Opinion and Order will be corrected and re-filed consistent with this order.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge